IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA D. BISHOP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:05-CV-1147-SRW |
| | ) |
| JO ANNE B. BARNHART | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. §§ 405(g) and 1631(c)(3). Under 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and

---

[1] Under the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

entry of a final judgment by the United States Magistrate Judge (Docs. #13-14, filed February 6, 2007). Based on its review of the record and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination,[2] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ISSUES

The plaintiff was fifty-two years old at the time of the hearing before the ALJ and has a seventh grade education with a GED. The plaintiff's prior work experience includes work as a phlebotomist, inventory clerk, poultry grader, nut sorter, and lead nut sorter. Following

---

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

the administrative hearing, the ALJ concluded that the plaintiff had the following severe impairments: degenerative joint disease, degenerative disc disease, and depression. He nonetheless concluded that the plaintiff was not disabled, because she was able to perform her past relevant work as a nut sorter. The plaintiff presents three issue for review: (1) whether the ALJ improperly discounted the opinions of treating physicians, (2) whether the ALJ improperly discounted the plaintiff's testimony regarding disabling pain, and (3) whether the ALJ's determination that the plaintiff could perform her past relevant work was unsupported by substantial evidence.

## IV. DISCUSSION

### A. Treating Physicians' Opinions

Under 20 C.F.R. § 404.1527(d)(2), the opinion of a treating physician is due extra deference, because a treating professional is best able to provide a "detailed, longitudinal picture" of a claimant's medical impairments. An ALJ may discount the opinion of a treating physician only for good cause. Good cause exists if the treating physician's opinion is unsupported by objective medical evidence or is merely conclusory, *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); or if the record supports a contrary conclusion, *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). The ALJ must articulate explicit and adequate reasons for discounting the opinion of a treating physician. *Elam v. Railroad Retirement Board*, 921 F.2d 1210, 1215 (11th Cir. 1991). The plaintiff argues that the ALJ improperly discounted the opinions of three treating physicians: Dr. Granger, Dr. Smith, and Dr. Kinsell (doc. #10, filed May 11, 2006, p. 6-11).

The ALJ wrote as follows:

> The undersigned is not compelled with the opinions of Drs. Kinsell, Smith, and Granger, which, by their very nature, would render the claimant [incapable] of performing substantial gainful activity. Dr. Kinsell examined the claimant on only one occasion, and her exam of the claimant is lacking in the documentation of objective findings from her physical exam. Rather, Dr. Kinsell simply repeated the claimant's reported medical history and symptom allegations, diagnosed her with depression and concluded that she was "unable to work." The assertion by Dr. Kinsell that the claimant is unable to work is not a medical opinion, but, rather, an opinion reserved to the commissioner because it is an administrative finding that is dispositive of a case... Furthermore, the opinions rendered by Drs. Kinsell, Granger and Smith are all inadequate in terms of the rationale used by each physician in reaching the claimant's capacities and limitations. Drs. Granger and Smith simply checked boxes on a form provided to them and provided no explanation as to why they felt the claimant was so functionally restricted...It is also important to note that Dr. Granger's opinion is internally inconsistent. That is, Dr. Granger found that the claimant could never lift or carry up to five pounds, but could occasionally lift or carry 6-10 pounds. Lastly, the opinions written by Drs. Granger and Smith are inconsistent with their treatment notes and the exams of other treating and examining doctors, on the whole, given the findings concerning the claimant's range of motion, strength, etc...

(Tr. 26-27).

The ALJ's characterization of Dr. Kinsell's opinion is correct. Dr. Kinsell wrote that she saw the plaintiff once (Tr. 229). Her records show that the plaintiff came to her for treatment of a "choking sensation" and had not taken the antidepressant Elavil in over a year (Tr. 231). Dr. Kinsell declined to perform an examination in regard to the plaintiff's social security claim, wrote that the plaintiff "tells...of hosp[itilization] 2002 for depression & other [pain?]," and provided only a conclusory diagnosis of "depressed despite meds" and "unable to work" (Tr. 229). The ALJ can reject wholly conclusory opinions by a treating physician under *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). This is particularly true if

5

the physician had only a short treating relationship with the patient.  The deference due a treating physician is based on the "detailed, longitudinal picture" the physician can develop of a claimant's impairments.  A treating physician who has not seen the claimant "a number of times and long enough to have obtained a longitudinal picture" of a claimant's impairments is due no more deference than a nontreating physician.  *See* 42 C.F.R. § 404.1527(d)(2)(i); *Heppell-Libsqansky v. Commissioner*, 170 Fed. Appx. 693, 698 (11th Cir. Mar. 14, 2006); *Patterson v. Chater*, 983 F. Supp. 1410, 1414-15 (M.D. Fla. 1997).   As noted by the ALJ, the question of whether the plaintiff is "unable to work" is reserved to the Commissioner, and an unsupported physician's opinion to that effect is due no deference. 20 C.F.R. § 404.1527(e); *Smitherman v. Massanari*, 149 F. Supp. 2d 1303, 1309 (M.D. Ala. 2001).  The ALJ did not err in discounting the opinion of Dr. Kinsell.

Dr. Smith's opinion is a functional capacities evaluation, with no explanations supporting his conclusions (Tr. 344).  Moreover, while the plaintiff testified that Dr. Smith had performed "recent" surgery on her knees (Tr. 379; doc. #10, filed May 11, 2006, p. 2), the record before the court contains no documentary evidence of this, but only a single "Social Security evaluation" after which Dr. Smith treated the plaintiff with injections (Tr. 21, 269) and filled out the functional capacities evaluation (Tr. 21, 344).[4]  The record also contains no evidence that Dr. Smith treated the plaintiff long enough to develop the detailed, longitudinal picture of the plaintiff's impairments that would entitle his opinion to extra

---

[4] Dr. Smith's examination and functional capacities evaluation took place over a year before the hearing, so that any "recent" surgery he performed did not inform his opinion in any case.

6

deference under 20 C.F.R. §§ 404.1527(d)(2) and (d)(2)(i). The ALJ did not err in discounting the opinion of Dr. Smith.

With respect to Dr. Granger's opinion (Tr. 364), any error the ALJ committed in discounting it was harmless, because Dr. Granger's opinion is consistent with the plaintiff's past relevant work as she described it (Tr. 94). Specifically, Dr. Granger found that the plaintiff could sit for 8 hours per day, stand and walk for 1 hour per day, and use her hands for grasping and fine manipulation (Tr. 364). As described by the plaintiff and as noted by the ALJ, her past relevant work as a peanut sorter was performed sitting down with no more than one hour of walking or standing per day, and did not involve lifting or any of the actions Dr. Granger said the plaintiff could not perform (such as kneeling, crouching, crawling, or handling large objects) (Tr. 27, 94). This description was also consistent with the Department of Labor's *Dictionary of Occupational Titles*, listing 521.687-086, which describes the job of "nut sorter" as sedentary,[5] as noted by the ALJ (Tr. 27). The decision of the ALJ is not due to be reversed on this ground.

## B. Testimony of Disabling Pain

The plaintiff told the Administration that she had constant lower back pain (Tr. 83-84, 154, 156, 236, 327)[6] and pain in her knees associated with walking and standing (Tr. 235,

---

[5] The *Dictionary of Occupational Titles* defines "sedentary" work to involve "sitting most of the time," but says it "may involve standing or walking for brief periods of time." The record contains a record for listing 529.687-186 (Tr. 114), which the plaintiff cites (doc. #10, filed May 11, 2006, p. 14), but this listing requires packing as well as sorting, and as such is more demanding than the job the plaintiff described.

[6] The plaintiff told Dr. Smith that she had a "history" of low back pain (Tr. 269).

7

328, 342-43, 376). She told a consultative psychiatric examiner that her "primary" problems with pain were "due to her inability to stand for very long" (Tr. 235). At the hearing, she testified that her medication significantly reduced her pain (Tr. 382) and that she could stand or walk for one hour per day (Tr. 376). The ALJ found her allegations "not wholly credible" (Tr. 24). The plaintiff argues that he erred in so finding (Doc. #11, filed May 11, 2006, p. 11-13).

Under 42 U.S.C. § 423(d)(5)(A) and 20 C.F.R. § 404.1529(b) & (c), a claimant's assertion of disability through testimony of pain or other subjective symptoms is evaluated pursuant to a three-part standard. "The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the complaints meet the standard, the ALJ may still reject the claimant's testimony regarding subjective symptoms. However, if these are critical to the case, the ALJ must articulate specific reasons for rejecting the testimony. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

With respect to back pain, the plaintiff sometimes stated that such pain limited her ability to sit for long periods (Tr. 78, 232-33, 236, 269). However, the ALJ noted the lack of objective medical evidence that could be expected to cause severe back pain. In particular, the ALJ noted that the plaintiff's CT scan showed only mild degenerative changes, her normal gait, and her lack of herniation or other vertebral disorders (Tr. 19, 24). The court's

8

review of the record supports these findings (Tr. 131), which were consistent with a consultative examination (Tr. 236-40) as interpreted by a state agency physician (Tr. 19, 261), and with the opinion of Dr. Granger (Tr. 364). Thus, the ALJ properly documented the absence of objective evidence to confirm the severity, or expected severity, of the plaintiff's back pain, and was not required to find this pain disabling.[7]

With respect to knee pain, the plaintiff stated that this pain was associated with walking and standing (Tr. 235), and testified that she could only stand or walk for one hour per day (Tr. 376). This testimony was compatible with her past relevant work as a nut sorter, as described by herself (Tr. 94) and the *Dictionary of Occupational Titles* (listing 521.687-086).[8] Any error the ALJ committed in discounting her testimony was harmless. The decision of the ALJ is not due to be reversed on this ground.

## C. Past Relevant Work

The plaintiff argues that the ALJ's opinion that she could perform her past relevant work as a nut sorter was unsupported by substantial evidence (doc. #10, filed May 11, 2006, p. 14-15). The plaintiff does so by citing the plaintiff's past work as a *lead* sorter, which required 8 hours per day of walking and standing (Tr. 100, 104). However, as noted above,

---

[7] As described by the plaintiff and her husband, the plaintiff was "mostly self-sufficient," and her activities of daily living included shopping with her husband, sitting on the patio, fishing, watching children, long periods of reading and watching TV, attending little league ball games, occasional cooking and light cleaning, walking, riding, driving, and visiting, (Tr. 81-87). The court notes that these activities as described are quite compatible with sitting for long periods of time, and thus with the ALJ's decision.

[8] The plaintiff testified that she could not do "any of her past jobs" with this restriction, but this was a vocational judgment reserved to the Commissioner and entitled to no particular weight.

the plaintiff also reported past work as a *sorter*, and stated that this work involved walking for only 1 hour per day (Tr. 94). This was the work the ALJ found the plaintiff could perform (Tr. 27).

In her work description, the plaintiff reported engaging in nut processing work for two periods of time: May 1987-June 1988 and July-September 1993. Technically, only the work done during the latter period was past relevant work, because the earlier work did not take place less than fifteen years before the hearing in 2004. 20 C.F.R. § 404.1560(b)(1); *Lewis v. Apfel*, 2000 WL 207018 at *11 (S.D. Ala. Feb. 16, 2000).[9] The plaintiff did not specify when she worked as a "sorter" and when as a "lead sorter." However, the fifteen-year requirement exists only because "[a] gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job then continue..." 20 C.F.R. § 404.1565(a). If the plaintiff spent two months training others to do nut sorting work (which she had done for over a year previously), it would be unreasonable to find that she no longer knew how to do the work herself at that time. This is particularly true in light of listing 521.687-086 of the *Dictionary of Occupational Titles*, which assigns the lowest possible mental requirements in all categories to nut sorting, and assigns it a specific vocational preparation (SVP) level of 2 (requiring less than one month to learn). Thus, while the ALJ should have acquired more information about when she did each job and should

---

[9] Under listing 521.687-086 of the *Dictionary of Occupational Titles*, the job of nut sorter has a specific vocational preparation (SVP) level of 2, and requires less than one month to learn. Therefore, she performed the work long enough to learn to do it and, under 20 C.F.R. § 404.1560(b)(1), it was past relevant work.

10

have made a specific finding on this issue, under the circumstances of this case the error was harmless. The decision of the ALJ is not due to be reversed on this ground.

## V. CONCLUSION

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed. A separate order will issue.

DONE, this 28th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE